IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MISEMER PHARMACEUTICALS, INC.     PLAINTIFF

vs.     Civil No. 3:21-cv-00107-GHD-RP

VIRTUS PHARMACEUTICALS, LLC     DEFENDANT

---

VIRTUS PHARMACEUTICALS, LLC     COUNTERCLAIMANT

vs.

MISEMER PHARMACEUTICALS, LLC;
ARUN KAPOOR     COUNTERCLAIM DEFENDANTS

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

Presently before the Court is the Plaintiff/Counter-Defendant Misemer Pharmaceuticals' motion for reconsideration or, alternatively, for certification under Rule 54(b) [70] of the Court's August 31, 2022, Opinion [67] and Order [68] granting the Defendant/Counter-Plaintiff Virtus Pharmaceuticals' motion for judgment on the pleadings [48], and the Plaintiff/Counter-Defendant's motion for leave to amend complaint [76]. Upon due consideration, the Court finds that the motion for reconsideration and the request for certification under Rule 54(b) should be granted to the extent that the Plaintiff/Counter-Defendant requests leave of court to amend its complaint; the motion for leave to amend [76] shall therefore likewise be granted.

Because the Court's August 31, 2022, Order did not address the Defendant/Counter-Plaintiff's counterclaims, the Order is interlocutory in nature; thus Rule 54(b), and not the more exacting standard set forth under Rule 59(e), applies to the present motion. Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes district courts to "revise [ ]

at any time" "any order or other decision ... [that] does not end the action," FED. R. CIV. P. 54(b); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds, Little*, 37 F.3d at 1075 n.14; *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.' " (quoting *Brown v. Wichita Cty.*, No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))). In short, Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered. In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin*, 864 F.3d at 336–37, quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015) (internal citations omitted).

In granting the Defendant/Counter-Plaintiff's motion for judgment on the pleadings, the Court held that because the Defendant indisputably had an exclusive contractual relationship regarding the supply of a drug produced by a non-party entity, with no mention in that contractual agreement regarding "approved" or "unapproved" supplies of the drug, the Defendant clearly had a legitimate economic and legal interest regarding the non-party entity's supplying the drug to the Plaintiff, and thus in the Plaintiff supplying the drug to another non-party entity. Thus, under Mississippi law, the Defendant was privileged in sending a cease-and-desist letter to the non-party

2

entity, and the Plaintiff cannot state a claim for relief under Mississippi law for interference with contract or with business relations regarding the sending of the letter. *Vestal v. Oden*, 500 So. 2d 954, 957 (Miss. 1986) (holding that Mississippi law adheres to the principle that "even if a party interferes" with another party's contract or business relationship, if the party "has legitimate interest therein or a contractual right to perform said act it is privileged and thus not wrongful and actionable."); *Rex Distributing Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 23d 445, 454 (Miss. 2019); *Cockerham v. Kerr-McGee Chemical Corp.*, 23 F.3d 101, 106 (5th Cir. 1994) (holding no malice present under Mississippi law where defendant had legitimate business interest and potential contractual relationship with subject third party).

In the present motion for reconsideration, the Plaintiff/Counter-Defendant does not request that the Court reconsider its prior opinion and order on the merits, but rather that the Court grant the Plaintiff/Counter-Defendant leave to amend its complaint. To that end, it has now filed a separate motion [76] specifically seeking that relief. Given that the two motions are intertwined, the Court issues this Order adjudicating both motions.

The Fifth Circuit has held that district courts typically "grant an opportunity to seek leave to amend after a successful Rule 12(c) motion," and that parties should be permitted leave to amend "unless the [pleading] defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000); *Ballard v. Jackson State Univ.*, 62 F. Supp. 3d 549, 552 (S.D. Miss. 2014). In the case *sub judice*, this is the Plaintiff/Counter-Defendant's second attempt to amend its complaint. While the Defendant/Counter-Plaintiff argues that any amendment would be futile, and thus leave to amend should not be permitted, the Court disagrees and instead finds that the

3

better approach, at this stage of the litigation, is to grant the Plaintiff/Counter-Defendant leave to amend its complaint.

THEREFORE, the Court hereby ORDERS that the Plaintiff/Counter-Defendant's motion for reconsideration [70] pursuant to Rule 54 of the Federal Rules of Civil Procedure is GRANTED IN PART and DENIED IN PART. The motion for reconsideration is GRANTED to the extent that the Plaintiff/Counter-Defendant requests that the Court (1) CLARIFY that the Plaintiff/Counter-Defendant's claims, based on its first amended complaint, are DISMISSED WITHOUT PREJUDICE; and (2) that the Plaintiff/Counter-Defendant is GRANTED leave to amend its complaint; the motion is DENIED in all other respects. The Plaintiff/Counter-Defendant's motion for leave to amend complaint [76] is therefore likewise GRANTED.

SO ORDERED, this, the 24th day of January, 2023.

_Glen H. Davidson_
SENIOR U.S. DISTRICT JUDGE